UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| JANE DOE, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civ. No. 1:15cv1016 |
|  | ) | |
| JHON CABRERA-RUILOBAR d/b/a | ) | |
| IMPACT JANITORIAL SPECIALIST, | ) | |
| Defendant. | ) | |
|  | ) | |

MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Memorandum in Opposition to Plaintiff's Motion to Proceed Under a Fictitious Name (Dkt. 25), which this Court has construed as a Motion for Reconsideration of this Court's Order dated September 25, 2015. For the reasons set forth below, defendant's Motion for Reconsideration will be granted.

In determining whether to permit a party to proceed anonymously, courts in this Circuit generally look to the five factors laid out in James v. Jacobson: (1) whether the justification asserted is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory harm to the requesting party or to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected;

1

(4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993).

Under that analysis, those cases permitting a party to proceed anonymously stress the extremely sensitive and highly personal matters at hand. See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 5-6 (D.D.C. 2014) (highlighting the graphic, sexual details of the alleged rape); EEOC v. Spoa, LLC, Civil No. CCB-13-1615, 2013 U.S. Dist. LEXIS 148145, at *15-16 (D. Md., Oct. 15, 2013) (emphasizing the plaintiffs' allegations of sexual assault, including rape and attempted rape). In this case, however, plaintiff's allegations of unwanted touching do not amount to the sensitive and highly personal matters for which courts have allowed plaintiffs to proceed by pseudonym. For instance, unlike the cases cited above, plaintiff does not bring allegations of rape or attempted rape, nor does she present facts of a similarly graphic, sexual nature. See Cabrera, 307 F.R.D. at 3 (outlining the graphic facts associated with the alleged rape); Spoa, 2013 U.S. Dist. LEXIS 148145, at *3 (describing the allegations, which included attempted rape by the use of date rape drugs); see also id. at *16 (distinguishing that case from other cases in the Fourth Circuit where the EEOC identified alleged victims of sexual harassment because the plaintiffs in that case were alleged victims of rape or attempted rape).

Unwanted touching in the workplace is not an uncommon allegation in suits in this court and the Court does not allow parties to proceed pseudonymously for that reason alone.

Additionally, nothing about plaintiff's alleged facts support her claim that she or her children may be subject to public ridicule or harassment if plaintiff's name is disclosed. Contra Doe v. The New Ritz, Inc., CIVIL NO.: WDQ-14-2367, 2015 U.S. Dist. LEXIS 91845, at *7 (D. Md., July 14, 2015) (permitting plaintiff to proceed anonymously primarily due to "her unrebutted affidavit articulat[ing] a legitimate fear of physical and mental harm that may arise if her identity is revealed" due to harassment by the defendants and her current employer).

Proceeding under a pseudonym is an extraordinary relief for which plaintiff has failed to provide justification. The Court further notes that, when plaintiff first brought her Motion to Proceed Under a Fictitious Name, the motion was unopposed because the defendant was in default.

For the foregoing reasons, defendant's Motion for Reconsideration is granted and plaintiff's Motion to Proceed by Fictitious Name is denied. An appropriate order shall issue.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February 26, 2016
Alexandria, Virginia